IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL BROWN,

    Petitioner,

v.                                CASE NO. 1:11-cv-67-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Respondent filed a response and an appendix with relevant portions of the state-court record. (Docs. 19-21.) Petitioner did not file a reply. Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

Petitioner was arrested August 5, 2006, after he and a female companion were observed pushing city-owned garbage cans down a residential street. Police arrived to find that the garbage cans contained empty beer kegs. A witness testified that the beer kegs had been sitting in his carport on August 5, 2006. Petitioner was subsequently charged with burglary of an occupied structure or conveyance and two counts of petit theft.

At Petitioner's February 7, 2007 jury trial, Officer John Torres of the Gainesville

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Police Department testified that he responded to a call from a city solid waste employee that two individuals were pulling trash cans down the street. Officer Torres identified Petitioner as one of the individuals he observed pulling a trash can down the street. Officer Torres made contact with Defendant and read him his *Miranda* rights. Petitioner did not appear to be under the influence of alcohol or drugs. Officer Torres testified that Petitioner initially claimed he "found" the kegs and borrowed the trash cans from a friend. However, Petitioner eventually told Officer Torres that he did not actually borrow the trash cans and did not find the kegs but instead took them from the carport of a residence. Petitioner then led Officer Torres to the residence where he took the kegs.

Petitioner testified at trial that he saw the kegs sitting by the road and he and his friend used the garbage cans to move the kegs, which he planned to return for money and then return the garbage cans. Petitioner stated that his recollection of his conversation with Officer Torres was "pretty good" and denied telling Officer Torres that he had taken the kegs from the carport or even entered the carport. (Respondent's Exhibit B.) The jury found Petitioner guilty of all three charges. Petitioner was sentenced to 15 years imprisonment on the burglary charge, with credit for 187 days time served. He was sentenced to two concurrent 187-day sentences on each of the petit theft charges. (Exh. A.)

The First DCA affirmed Petitioner's judgment and sentence without opinion on June 5, 2008. (Exh. G). Petitioner filed a *pro se* Fla. R. Crim. P. 3.850 motion on July 28, 2008, raising six grounds of ineffective assistance of counsel. (Exh. H.) The trial court summarily denied the 3.850 motion on the first five grounds (which included Ground 1 of the instant petition). An evidentiary hearing was conducted on September

2, 2009, on Petitioner's remaining ground that trial counsel did not properly inform him of his rights concerning testifying at trial. The state court also denied relief on Petitioner's sixth and final ground for relief. (Exh. I.) The First DCA affirmed without opinion. (Exhs. J, K.) Petitioner's motion for rehearing was denied, and mandate issued on June 18, 2010. (Exh. L, M, N.) On October 8, 2010, Petitioner filed another 3.850 motion for postconviction relief, raising four grounds of ineffective assistance of counsel (identical to Grounds 2-5 of the instant petition). (Exh. O.) On October 27, 2010, the state court ruled that the second 3.850 motion was untimely under Rule 3.850(b) because it was filed more than two years after his judgment and sentence became final and did not allege any grounds to excuse the untimely filing. (Exh. O.) The First DCA affirmed without written opinion on March 9, 2011, and mandate issued April 5, 2011. (Exh. P.)

The instant Petition, which Respondent does not contend is untimely, was provided to prison officials for mailing on April 5, 2011. Petitioner asserts 5 grounds for relief in his *pro se* Petition. (Doc. 1.)

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to

"pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v.*

*Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state

court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor*] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that

district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

### Ineffective Assistance of Counsel

Because Petitioner's claims allege ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were

reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was

committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of

counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## Discussion

### *Grounds 2, 3, 4, 5: Ineffective Assistance of Counsel*

Petitioner raised Grounds 2, 3, 4, and 5 of his petition–all claims of ineffective assistance of counsel–in his second Rule 3.850 motion in the state court. The state court denied relief on his second 3.850 petition because the motion was untimely. (Exhs. O, P.) The state court applied an independent and adequate ground of state law to deny Petitioner's second, untimely, 3.850 motion. *See Bailey*, 172 F.3d at 1302-03. Because Petitioner clearly would be barred from now pursuing these claims in state court, they are procedurally defaulted and foreclosed from federal review absent a showing of cause and prejudice or fundamental miscarriage of justice. Petitioner makes no claim that he can show cause and prejudice for the default, and there is nothing in the record that suggests that a fundamental miscarriage of justice would result if the Court does not consider the claims. Accordingly, the Court will address only the single ineffective-assistance claims in the instant Petition that Petitioner properly exhausted in the state court by way of his first, timely, Rule 3.850 motion

### *Ground 1: Ineffective Assistance - Failure to file a motion to suppress*

Petitioner contends that trial counsel rendered ineffective assistance by failing to file a motion to suppress statements Petitioner made to police, on the theory that his capacity to waive his right to remain silent was impaired by his being under the influence of crack cocaine and alcohol. (Doc. 1.) In rejecting this claim on postconviction review, the state court wrote:

> Defendant first alleges in ground (I) that trial counsel was ineffective for failing to file a motion to suppress statements Defendants made to the arresting officer. According to Defendant, he told trial counsel at the time Defendant was approached by the arresting officer, Defendant was highly intoxicated and under the influence of crack cocaine. Defendant also alleges that he has a long history of problems with drugs and alcohol. Because he was under the influence of drugs and alcohol, Defendant claims that his statements to the officer were not made "voluntarily and intelligently." Defendant argues that all of this information should have been used as grounds for a motion to suppress.
>
> Intoxication at the time of the a confession is not enough alone to warrant suppression of a suspect's statements. *Burns v. State*, 584 So. 2d 1073, 1075 (Fla. 4th DCA 1991), *citing DeCongigh v. State,* 433 So. 2d 501 (Fla. 1983). In *Burns*, the Court held "intoxication at the time of confession does not bar the confession unless the defendant is intoxicated to the degree of "mania" or is unable to understand the meaning of his statements." *Burns* at 1075. In the instant case the arresting officer testified that Defendant did not smell of alcohol and that Defendant was easy to communicate with. Tr. at 55. Furthermore, Defendant was able to take the officer back to the location where he had retrieved the trash cans. Tr. 50. None of the other witnesses who were in contact with Defendant who testified at trial indicated that Defendant was acting strangely or that he appeared to be unable to comprehend what was going on around him.
>
> Considering the evidence presented at trial it appears unlikely that a motion to suppress would have been successful or even would have been appropriate. There was no evidence that Defendant did not understand who he was talking to or what he was talking about when he was being questioned by the officer. He was read his Miranda rights, and then continued to talk with the officer. Tr. 46-48. There is no evidence that his behavior was anywhere close to the "mania" described in *Burns* that could have warranted suppression of his statements. Trial counsel cannot be found ineffective for failing to file a baseless motion; therefore, his claim is without merit.

(Exh. H, pp. 70-71.) The First DCA *per curiam* affirmed without written opinion. (Exhs .J,K.)

Trial counsel cannot be deemed deficient for failing to file a motion that would have been at odds with the facts presented at trial and state law. Even assuming, *arguendo,* that counsel was deficient, Petitioner has not shown prejudice. It is not

reasonably probable that the exclusion of Petitioner's statements would have resulted in a not guilty verdict, especially where witnesses saw Petitioner rolling a garbage can with a keg in it on the street, just blocks from where they were stolen, and where Officer Torres testified that Petitioner did not appear to be under the influence of drugs or alcohol during their conversation. Further, Petitioner testified at trial that he had a "pretty good" recollection of what he said to Officer Torres and stated: "Okay, if I'm going to steal something why would I get a woman that drunk and know going to hold me back?" (Exh. B, pp. 70, 74.) On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the

parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. The petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 19th day of December 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**